JOSE G. URIDIAS, Respondent, v. JOHN C. MORRILL, Appellant.

## No. 247; May 6, 1864.

**Forcible Entry and Detainer.**—In a Proceeding for Forcible Entry and detainer by a landlord to recover possession, a complaint that fails to show the nature and duration of the tenancy under the original letting, while showing the fact of the letting, that afterward the defendant entered, that defendant holds under the person who was the tenant of the plaintiff, that demand was made in writing on the defendant on the —— day of, etc., for possession of the premises so held as aforesaid, and the defendant neglected and refused, etc., shows a possession neither tortious at the time of the demand nor made tortious afterward by the demand.

APPEAL from Third Judicial District Court, Santa Clara County.

J. Alva Yoell for respondent; S. O. Houghton for appellant.

See Uridias v. Morrill, 22 Cal. 473.

SHAFTER, J.—This is an action brought under the thirteenth section of the act concerning forcible entry and unlawful detainers, to recover certain premises described in the complaint.

To the complaint a general demurrer was interposed; the demurrer was overruled, and the defendant answered. The trial was by the court; findings and judgment for plaintiff.

The appeal is from the judgment, and from an order denying a motion for a new trial.

The complaint states that on the 6th of October, 1860, the plaintiff demised the premises in question to one Dotan for one year ensuing said date, at a yearly rent of two dollars per acre. That "after the expiration of said lease, to wit, on or about the first day of December, 1861, the defendant entered upon and came into possession of said above-described premises under said Dotan, who was the tenant of the plaintiff; and said defendant still holds the same. That on the third day of June, 1862, the plaintiff made a demand in writing upon defendant to deliver possession of the premises so held as aforesaid, and defendant neglected and refused, etc."

It is quite obvious, in our judgment, that the facts stated in the complaint do not show, either directly or inferentially, that the possession of the defendant was tortious prior to the date of the demand, or that the demand had the effect to make the subsequent possession unlawful. The complaint shows that on the 1st of December, 1861, Dotan was the plaintiff's tenant. As the nature and duration of the tenancy are not disclosed, and as the pleadings must be taken most strongly against the pleader, we must intend that it was at least a tenancy for years, instead of at will or by sufferance; and if for years then for one year at the least; and the complaint alleges a demand before the year expired, viz., June 3, 1862. That demand cannot be considered as having put the defendant in the wrong, so long as it does not appear that the plaintiff had any right to make it.

Judgment reversed and cause remanded, with leave to the plaintiff to amend his complaint.

We concur: Sawyer, J.; Sanderson, C. J.; Currey, J.

Mr. Justice Rhodes, having been of counsel, did not sit on the trial of this case.